UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 18-2467-MWF (PLAx)                          Date:  May 18, 2018
Title:    Elizabeth Luevano -*v.*- Yusuf Dawoodbhai

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER RE: PLAINTIFF'S MOTION FOR REMAND TO STATE COURT [5]; REAL PARTY-DEFENDANT IN INTEREST ROBERT WILKIE'S MOTION TO DISMISS CASE [7]

Before the Court are two Motions in this workplace harassment action involving two employees of the Department of Veteran Affairs (the "VA"). The first is Plaintiff Elizabeth Luevano's Motion for Remand to State Court (the "Remand Motion"), filed on April 10, 2018. (Docket No. 5). Real Party-Defendant in Interest David Schulkin, who was the Secretary of the VA at the time the action was removed, filed an Opposition (the "Remand Opposition") to the Remand Motion on April 23, 2018. (Docket No. 9). Plaintiff filed no Reply.

The other Motion is Real Party-Defendant in Interest Robert Wilkie's Motion to Dismiss (the "Dismissal Motion"), filed on April 16, 2018. (Docket No. 7). At the time the Dismissal Motion was filed, Robert Wilkie was the Acting Secretary of the VA. Plaintiff failed to file an Opposition by the deadline of April 23, 2018, so the VA filed a Notice of Non-Receipt of Opposition on April 30, 2018. (Docket No. 10). Immediately thereafter, on May 1, 2018, Plaintiff filed an Opposition (the "Dismissal Opposition"). (Docket No. 11). The VA then filed a Reply in support of the Dismissal Motion that same day. (Docket No. 12).

The Court has read and considered the papers filed on the Motions and held a hearing on **May 17, 2018**. The Remand Motion is **DENIED**. Removal was proper under 28 U.S.C. § 1442(a)(1). The Dismissal Motion is **GRANTED** *without*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 18-2467-MWF (PLAx) | Date: May 18, 2018 |
| Title: Elizabeth Luevano -*v.*- Yusuf Dawoodbhai | |

***prejudice*** and ***without leave to amend*** for lack of jurisdiction and failure to exhaust administrative remedies, in addition to the fact that Plaintiff failed to timely oppose the Dismissal Motion.

The Court notes that the VA removed the action on the basis of the request for a restraining order that Plaintiff filed in Superior Court. It appears no complaint had yet been filed in the Superior Court or in this Court. For purposes of deciding these Motions, the Court treats the request for a restraining order and the accompanying declaration as a *de facto* complaint.

## I.     BACKGROUND

On March 7, 2018, Plaintiff filed a Request for Civil Harassment Restraining Order against Dr. Yusuf Dawoodbhai in Los Angeles Superior Court. (Notice of Removal ¶ 1, Ex. 1 at 1). The Superior Court declined to issue a restraining order, and set a hearing for March 28, 2018. (*Id.* ¶¶ 2, 3, Ex. 2). The Superior Court explained that the stated facts did not warrant a restraining order, and that the Superior Court did not have jurisdiction over federal government agencies. (*Id.* ¶ 2, Ex. 2). Plaintiff is an Administrative Officer with the VA's Greater Los Angeles Healthcare System ("GLA"), where Dr. Dawoodbhai was her supervisor. (*Id.* ¶ 1, Ex. 1 at 11).

On March 27, 2018, the VA removed the action to this Court pursuant to 28 U.S.C. § 1442(a)(1), which permits removal to federal court of civil actions against federal officers. (Notice of Removal ¶ 4).

In her request for a restraining order, Plaintiff alleged that when Dr. Dawoodbhai began to work as her supervisor at the GLA on March 8, 2017, he subjected her to verbal, mental, emotional, and sexual harassment. Specifically, he forced her to return early from maternity leave, demoted her, and frequently interrupted her and spoke in a demeaning tone. (Notice of Removal, Ex. 1 at 11). He stared at her and her body in inappropriate ways, instructed other managers to have no contact with her, and excluded her from administration meetings. (*Id.*, Ex. 1 at 12-13). She further alleged that Dr. Dawoodbhai threatened to suspend her in retaliation for an EEOC complaint she had made against him. (*Id.*, Ex. 1 at 14). Over the course of the

summer of 2017, Dr. Dawoodbhai frequently assigned her tasks for completion in an impossibly short timeframe, with the purpose of justifying demotion, suspension, or termination.  (*Id.*, Ex. 1 at 15).

Plaintiff further alleges that in May and July of 2017, Plaintiff wrote to Senator Dianne Feinstein alerting the senator of the harassment Plaintiff was experiencing.  (Notice of Removal, Ex. 1 at 14).  In August 2017, Plaintiff's doctor placed her on "off work duty" because of her high levels of stress and anxiety.  When she reported back to work under Dr. Dawoodbhai in October 2017, he had her removed from her office to work at the front reception office instead, and modified the compressed work schedule she had worked for over 15 years.  (*Id.*, Ex. 1 at 15).

Plaintiff alleges that she again took a leave of absence to be away from Dr. Dawoodbhai, but when she returned in late 2017, he continued to humiliate and harass her by staring at her body and going out of his way to have contact with her despite the requirement that he avoid contact while the EEOC complaint was pending.  (Notice of Removal, Ex. 1 at 16-17).  She told him his behavior was unwelcome, and filed another EEOC complaint.  (*Id.*).

After a third brief leave of absence at the end of December 2017, Plaintiff was experiencing high blood pressure and her doctor recommended she take time away from work.  She has been on medical leave since December 29, 2017, without pay.  (Notice of Removal, Ex. 1 at 17).

## II.    MOTION TO REMAND

### A.    Legal Standard

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]"  28 U.S.C. § 1441(a).  A removing defendant bears the burden of establishing that removal is proper.  *See Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant").  If there is any doubt regarding the existence of subject matter jurisdiction, the court must

resolve those doubts in favor of remanding the action to state court. *See Gaus v. Miles*, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

Under Section 1442(a)(1), a civil action filed in state court may be removed to a federal district court if the action was filed against or directed to the "United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office." 28 U.S.C. § 1442(a)(1). The removing party "must demonstrate that (a) it is a 'person' within the meaning of the statute; (b) there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims; and (c) it can assert a 'colorable federal defense.'" *Leite v. Crane Co.*, 868 F. Supp. 2d 1023, 1027 (D. Haw. 2012) (quoting *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006)); *see also Mesa v. California*, 489 U.S. 121, 124–25 (1989).

"[A]lthough removal statutes are generally construed strictly against removal, the Supreme Court has mandated that § 1442(a)(1) be 'liberally construed to give full effect to the purposes for which [it was] enacted.'" *Leite*, 868 F. Supp. 2d at 1027 (quoting *Durham*, 445 F.3d at 1252). "[W]here a defendant seeks removal pursuant to the federal officer removal statute, 'no determination of fact is required but it must fairly appear from the showing made that [the defendant's removal] claim is not without foundation and is made in good faith.'" *Id.* at 1028 (citing *Colorado v. Symes*, 286 U.S. 510, 519 (1932)).

**B.**     **Discussion**

As a preliminary matter, the Court notes that Plaintiff appears to have failed to comply with the meet-and-confer requirements of Local Rule 7-3 before filing the Remand Motion. (Remand Opp. at 1 n.1; Declaration of Timothy D. Biché ¶ 2 (Docket No. 9-1)). Plaintiff's counsel is ordered to scrupulously comply with the Local Rules going forward.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 18-2467-MWF (PLAx)                     Date:  May 18, 2018
Title:     Elizabeth Luevano -*v.*- Yusuf Dawoodbhai


In the Remand Motion, Plaintiff argues that removal was improper because, if the allegations of harassment against Dr. Dawoodbhai are true, he was acting outside the scope of his employment at the VA. (Remand Mot. at 4). Specifically, Plaintiff contends that no "colorable federal defense" has been raised that there is no "nexus" between Dr. Dawoodbhai's alleged conduct and his official job duties. (*Id.* at 6).

The parties appear to agree that the first requirement for removal under § 1442(a)(1) is met:  Dr. Dawoodbhai (and the Real Party-Defendant in Interest) are "persons" within the meaning of the statute. (*See* Remand Opp. at 3). However, the VA further contends that there is a "nexus" between the alleged conduct and Dr. Dawoodbhai's performance of his official duties because much of the conduct alleged involved performance of managerial duties:  demoting Plaintiff, requiring her to return from maternity leave, excluding her from meetings, changing her office location, and so on. (*Id.*).

At the hearing, Plaintiff agreed that there is a nexus between *some* of the alleged conduct and Dr. Dawoodbhai's job duties, but argued that the alleged sexual harassment falls outside the scope of his job duties. As the Court stated at the hearing, Plaintiff attempts to draw too fine a line between Dr. Dawoodbhai's performance of his job duties and the alleged sexual harassment. To satisfy this prong of the test under § 1442(a)(1), it is enough for the VA to establish that the alleged conduct took in the course of a relationship that existed solely based on Plaintiff's and Dr. Dawoodbhai's federal employment. *See Willingham v. Morgan*, 395 U.S. 402, 409 (1969) (holding second prong of test satisfied where "petitioners [showed] that their relationship to respondent derived solely from their official duties"); *Leite v. Crane*, 749 F.3d 117, 1124 (9th Cir. 2014) ("[T]he question 'whether the challenged act was outside the scope of [Crane's] official duties, or whether it was specifically directed by the federal Government, is one for the federal—not state—courts to answer.'") (citations omitted).

The VA also argues that there are federal defenses to the action, as are set forth in the Dismissal Motion. Specifically, the VA argues the Court lacks subject matter jurisdiction under the derivative jurisdiction doctrine and because Plaintiff failed to exhaust her administrative remedies. (Remand Opp. at 3). "Courts have imposed few

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 18-2467-MWF (PLAx)                     Date:  May 18, 2018
Title:     Elizabeth Luevano -*v.*- Yusuf Dawoodbhai

In the Remand Motion, Plaintiff argues that removal was improper because, if the allegations of harassment against Dr. Dawoodbhai are true, he was acting outside the scope of his employment at the VA. (Remand Mot. at 4). Specifically, Plaintiff contends that no "colorable federal defense" has been raised that there is no "nexus" between Dr. Dawoodbhai's alleged conduct and his official job duties. (*Id.* at 6).

The parties appear to agree that the first requirement for removal under § 1442(a)(1) is met:  Dr. Dawoodbhai (and the Real Party-Defendant in Interest) are "persons" within the meaning of the statute. (*See* Remand Opp. at 3). However, the VA further contends that there is a "nexus" between the alleged conduct and Dr. Dawoodbhai's performance of his official duties because much of the conduct alleged involved performance of managerial duties:  demoting Plaintiff, requiring her to return from maternity leave, excluding her from meetings, changing her office location, and so on. (*Id.*).

At the hearing, Plaintiff agreed that there is a nexus between *some* of the alleged conduct and Dr. Dawoodbhai's job duties, but argued that the alleged sexual harassment falls outside the scope of his job duties. As the Court stated at the hearing, Plaintiff attempts to draw too fine a line between Dr. Dawoodbhai's performance of his job duties and the alleged sexual harassment. To satisfy this prong of the test under § 1442(a)(1), it is enough for the VA to establish that the alleged conduct took in the course of a relationship that existed solely based on Plaintiff's and Dr. Dawoodbhai's federal employment. *See Willingham v. Morgan*, 395 U.S. 402, 409 (1969) (holding second prong of test satisfied where "petitioners [showed] that their relationship to respondent derived solely from their official duties"); *Leite v. Crane*, 749 F.3d 117, 1124 (9th Cir. 2014) ("[T]he question 'whether the challenged act was outside the scope of [Crane's] official duties, or whether it was specifically directed by the federal Government, is one for the federal—not state—courts to answer.'") (citations omitted).

The VA also argues that there are federal defenses to the action, as are set forth in the Dismissal Motion. Specifically, the VA argues the Court lacks subject matter jurisdiction under the derivative jurisdiction doctrine and because Plaintiff failed to exhaust her administrative remedies. (Remand Opp. at 3). "Courts have imposed few

limitations on what qualifies as a colorable federal defense. At its core, the defense prong requires that the defendant raise a claim that is 'defensive' and 'based in federal law.'" *Isaacson v. Dow Chemical Co.*, 517 F.3d 129, 138 (2d. Cir. 2008) (quoting *Mesa*, 489 U.S. at 129-30). The cases the government cites in support of the argument that its proposed defenses are colorable federal defenses both hold that the government contractor defense is a colorable federal defense. *See Isaacson*, 517 F.3d at 139; *Leite*, 749 F.3d at 1120.

At the hearing, the VA argued that its defenses are federal because they arise from federal statute. The VA points to no cases, and the Court has identified none in its independent research, in which a failure to exhaust or derivative jurisdiction defense is found to be a "colorable federal defense" for purposes of § 1442(a)(1). Nevertheless, considering that the Supreme Court has "rejected a 'narrow, grudging interpretation'" of this requirement, *Jefferson Cnty., Ala. v. Acker*, 527 U.S. 423, 431 (1999), and considering that the purpose of the requirement is to have federal courts adjudicate defenses arising out of federal law, the Court concludes that the defenses raised are federal for purposes of the removal statute. *See Isaacson*, 517 F.3d at 139 ("Compliance with federal law, therefore, provides a colorable federal defense under some circumstances, but it is not coterminous with an immunity defense."); *Arizona v. Manypenny*, 451 U.S. 232, 241 (1981) (stating that purpose of "removal under § 1442(a)(1) . . . was meant to ensure a federal forum in any case where a federal official is entitled to raise a defense arising out of his official duties").

Considering the liberal construction given to § 1442(a)(1), the Court agrees with the VA that removal under § 1442(a)(1) is proper. Both the named Defendant and the Real Party-Defendant in Interest are persons, the harassment alleged took place during the course of Dr. Dawoodbhai's performance of his job duties as an employee of a federal agency, and colorable federal defenses have been raised.

Accordingly, the Court must **DENY** the Remand Motion.

## III. **MOTION TO DISMISS**

Having concluded that the removal was proper, the Court turns to the VA's Motion to Dismiss for lack of subject matter jurisdiction.

As a preliminary matter, this Motion was noticed for hearing on May 14, 2018. Per Local Rule 7-9, Plaintiff's Opposition to the Motion to Dismiss was therefore due on April 23, 2018.  Plaintiff failed to file an Opposition until May 1, 2018, *after* the VA filed a Notice of Non-Receipt of Opposition.  (Docket Nos. 10, 11).  Plaintiff provides no explanation for the delay.

Under Local Rule 7-12, the failure to file any required document within the deadline may be deemed consent to the granting of the motion.  Pursuant to Local Rule 7-12, the Court could have deemed Plaintiff's failure to file a timely Opposition as consent to the granting of the Motion to Dismiss. The Court chooses to reach the merits of the Motion.

*Derivative Jurisdiction:*  Pursuant to the derivative jurisdiction doctrine, when a case is removed from state court under 28 U.S.C. § 1442, the federal court acquires jurisdiction only to the extent the state court had jurisdiction over the claims when the action was initially filed there. *In re Elko Cnty. Grand Jury*, 109 F.3d 554, 555 (9th Cir. 1997) ("[B]ecause this case was removed from state court pursuant to § 1442, our jurisdiction is derivative of the state court's jurisdiction.").  Thus, if the state court in which the plaintiff filed an action did not have jurisdiction over the claims, then the federal court to which the action is removed lacks jurisdiction as well.  *Cox v. U.S. Dep't of Agric.*, 800 F.3d 1031, 1032 (9th Cir. 2015) (holding that, because the state court from which the action was removed pursuant to § 1442 lacked jurisdiction, the "district court therefore was bound to dismiss" under the derivative jurisdiction doctrine).

Here, the VA argues that as a federal employee alleging workplace harassment, Plaintiff's claims arise, if it all, under Title VII.  Therefore, the VA argues, the Superior Court never had subject matter jurisdiction over the action to begin with, and this Court cannot have jurisdiction under the derivative jurisdiction doctrine.

(Dismissal Mot. at 2-3). The VA cites *Brown v. Gen. Servs. Admin.*, 425 U.S. 820 (1976) in support of this proposition.

Generally, state courts do have concurrent jurisdiction over Title VII claims. *See Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. 820, 821 (1990) (holding that "Congress did not divest the state courts of their concurrent authority adjudicate federal claims" brought under Title VII of the Civil Rights Act of 1964); *Tackitt v. Super. Ct. of Cal. ex rel Cnty. of Madera*, No. CV 13-1292-AWI (SABx), 2013 WL 597083, at *5 (E.D. Cal. Nov. 8, 2013) ("It is also worth noting that Plaintiff could have asserted her Title VII claims in the State Court Action" because "[f]ederal courts do not have exclusive jurisdiction over Title VII claims.").

In the briefs and at the hearing, the VA argues that Title VII claims brought by federal employees can only be brought in federal court. While the case law is not as explicit as the VA claims, the thrust of the cases is to view the statute as creating an exclusive redress in federal administrative and judicial processes. *See Brown*, 425 U.S. at 832 ("Section 717(c) [codified at 42 U.S.C. § 2000(e)-16(c)] permits an aggrieved employee to file a civil action in a federal district court to review his claim of employment discrimination."); *White v. Gen. Servs. Admin.*, 652 F.2d 913, 916 (9th. Cir. 1981) (Supreme Court in *Brown* "concluded that congressional intent underlying s 2000e-16 was to create 'an exclusive, preemptive administrative and judicial scheme for the redress of federal employment discrimination.'") (citation omitted); *Charles v. Garret*, 12 F.3d 870, 873 (9th Cir. 1993) ("Although a federal employee must first file a complaint in the administrative process, a plaintiff may file for de novo review by a district court.").

Therefore, because the Superior Court did not have jurisdiction over Plaintiff's claims at the outset, and because the action was removed under 28 U.S.C. § 1442, this Court does not have jurisdiction over the claims.

***Failure to exhaust administrative remedies:*** Plaintiff's claims fail for another reason, as well. To bring a proper claim under Title VII, a plaintiff must first exhaust the administrative remedies available under 42 U.S.C. § 2000e-5. *Karim-Panahi v. L.A. Police Dept.,* 839 F.2d 621, 626 (9th Cir. 1988) ("Before bringing suit under Title

VII, a plaintiff ***must*** exhaust the administrative remedies available under section 2000e–5.") (emphasis added); *Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir. 1990) ("Title VII claimants generally establish federal court jurisdiction by first exhausting their EEOC administrative remedies."). Specifically, a plaintiff must "file a discrimination charge with the Equal Employment Opportunity Commission and receive a right-to-sue letter from the Commission" before initiating a federal action. *Karim-Panahi,* 839 F.2d at 626. Failure to do so renders a suit subject to dismissal. *Id.*

Here, both parties acknowledge that Plaintiff has filed complaints with the EEOC regarding Dr. Dawoodbhai's alleged harassment. (Dismissal Mot. at 4; Dismissal Opp. at 3). The VA notes that Plaintiff's complaint is still pending before the VA Office of Resolution Management. Plaintiff has not received a "Final Agency Determination", and has not had a hearing on her EEOC complaint. (Declaration of Lisa Holliday ¶¶ 9-10 (Docket No. 7-1)). Therefore, the VA argues, Plaintiff has not yet exhausted her administrative remedies and this Court lacks jurisdiction. (Dismissal Mot. at 4-5). Plaintiff does not dispute that she has not exhausted the EEOC process, and instead contends, citing to no authority, that if the VA contends Plaintiff failed to exhaust her administrative remedies, the VA must show it was actively in the process of addressing Plaintiff's complaints. (Dismissal Opp. at 4).

At the hearing, Plaintiff appeared to argue, but cited to no authority, that Plaintiff's extensive efforts to remedy her workplace situation amount to *de facto* administrative exhaustion, even if the administrative process admittedly is not yet complete. Although the Court understands the logic of Plaintiff's argument and sympathizes with her predicament, she has provided no authority for the proposition that her extensive letter writing to Senator Feinstein and others about her workplace harassment constitutes *de facto* exhaustion. Moreover, at the hearing, the VA indicated that the administrative process is ongoing, and that any delay in its completion has resulted from Plaintiff's continual amendments to her complaint.

Completion of the administrative process is a necessary prerequisite to bringing a Title VII claim. *See Mitchell v. Akal Sec., Inc.*, 358 Fed. Appx. 932, 932–33 (9th Cir.

2009) ("The district court properly dismissed the Title VII claims because Mitchell did not plead or argue that she exhausted her administrative remedies under Title VII."). Accordingly, the Dismissal Motion is **GRANTED** *without prejudice*.  Because this Court does not have jurisdiction under the derivative jurisdiction doctrine, amendment would be futile.  The Motion is therefore granted *without leave to amend*.

## IV.   CONCLUSION

Accordingly, the Remand Motion is **DENIED**.  The Dismissal Motion is **GRANTED** *without prejudice* and *without leave to amend*.

IT IS SO ORDERED.